# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA HUNTINGTON DIVISION

| | |
|---|---|
| Erica J. Atkinson, Individually and as the Representative of the Estate of S.C., Deceased; | Civil Action No. 3:15-cv-09302 |
| B.B., a minor, by and through his mother and next friend Jennifer Barker; | Civil Action No. 3:15-cv-09303 |
| K.W., a minor, by and through his mother and next friend Brandi Workman; | Civil Action No. 3:15-cv-09304 |
| B.A., a minor, by and through her mother and next friend Jaclynn Bayley; | Civil Action No. 3:15-cv-09305 |
| J.V., a minor, by and through his mother and next friend Diane Vaspory; | Civil Action No. 3:15-cv-09306 |
| C.S., a minor, by and through his mother and next friend Rachel Stafford; | Civil Action No. 3:15-cv-09307 |
| S.B, a minor, by and through her mother and next friend Kathleen Burch; | Civil Action No. 3:15-cv-09308 |
| D.R., a minor, by and through her mother and next friend Loretta Ridener; | Civil Action No. 3:15-cv-09309 |
| J.D., a minor, by and through his mother and next friend Svenja Damele; | Civil Action No. 3:15-cv-09310 |
| S.G., a minor, by and through her mother and next friend Alexis Griffith; | Civil Action No. 3:15-cv-09311 |
| Kassi Emerson, Individually and as the Representative of the Estate of J.A., Deceased; | Civil Action No. 3:15-cv-09312 |
| M.R., a minor, by and through his mother and next friend Bianca Folwell; | Civil Action No. 3:15-cv-09313 |

     *Plaintiffs,*

v.

Forest Research Institute, Inc.,
Forest Laboratories, Inc., and Forest
Pharmaceuticals,

     *Defendants*.

## MEMORANDUM OPINION AND ORDER

    Pending are identical motions to dismiss, consolidate, remand, and stay consideration in numerous identical actions brought by minors, representatives of minors' estates, and minors' parents (collectively "Plaintiffs") against Defendants Forest Research Institute, Inc., Forest

Laboratories, Inc., and Forest Pharmaceuticals (collectively "Defendants"). ECF Nos. 2 (motion to dismiss), 12 (motion to consolidate), 17 (motion to remand), 19 (motion to stay).[1] First, Defendants ask to dismiss out of state Plaintiffs for lack of personal jurisdiction. ECF No. 2. Second, Plaintiffs ask the Court to stay consideration of Defendants' motion to dismiss in order to first consider Plaintiffs' motion to remand these actions back to West Virginia state court. ECF No. 19 (Motion to Stay); ECF No. 17 (Motion to Remand). Lastly, if this action remains before the Court after it resolves these motions to dismiss and remand, Plaintiffs ask the Court to consolidate their actions against Defendants into a single case. ECF No. 12. For the reasons explained below, the Court DENIES Plaintiffs' motion to stay consideration of Defendants' motion to dismiss, GRANTS Plaintiffs' motion to remand, DENIES Defendants' motion to dismiss, and DENIES as moot Plaintiffs' motion to consolidate.

## I. Background

This action arises from birth defects allegedly resulting from ingestion of the prescription drug Celexa or Lexapro by women during their pregnancy. *See* Compl., ECF No. 1–1. The twelve actions listed in this order were initially brought through a single complaint filed in West Virginia state court. Plaintiffs contend their claims are properly joined in a single action.[2] Compl. ¶ 44.

---

[1] Because the motions in each case are identical, the Court refers to them in the singular, although technically there are identical motions in each case. Citations to electronic case file numbers are to the numbers assigned in the first-listed case in the style of this Memorandum Opinion and Order, No. 3:15-cv-09302, but the citations refer and apply to the same documents filed in the following eleven cases with Civil Action Nos. 3:15-cv-09303, 3:15-cv-09304, 3:15-cv-09305, 3:15-cv-09306, 3:15-cv-09307, 3:15-cv-09308, 3:15-cv-09309, 3:15-cv-09310, 3:15-cv-09311, 3:15-cv-09312, 3:15-cv-09313.

[2] Although plaintiffs have twelve separate case numbers in this proceeding, the Court treats these actions as a single case because the claims were filed in a single complaint in West Virginia state court, from which this case was removed. *See J.C. ex rel. Cook v. Pfizer, Inc.*, No. 3:12-CV-04103, 2012 WL 4442518, at *3 (S.D.W. Va. Sept. 25, 2012) (holding administrative separation of claims in state court did not determine the propriety of joinder in federal court where plaintiffs had instituted the state court case by filing single complaint). The Court will discuss below whether or

Plaintiffs are minors, representatives of minors' estates, and minors' parents claiming citizenship individually in West Virginia, Ohio, Illinois, Nevada, Kentucky, New Jersey, New Mexico, Texas, Indiana, and Florida. Compl. ¶¶ 34–45. Defendants are three pharmaceutical corporations claiming citizenship in New Jersey, Missouri, and Delaware. Notice of Removal ¶ 4, ECF No. 1; Compl. ¶¶ 52–54. Plaintiffs bring this action to recover damages, including medical and other expenses related to the treatment resulting from birth defects, disorders, and other illnesses suffered by the minor Plaintiffs, allegedly as a result of Defendants' failure to warn, strict product liability for design defect, negligent acts, breach of express and implied warranties, fraud, negligent infliction of emotional distress, and wrongful death. *See* Compl. ¶¶ 123–203.

## II.     Discussion

For the reasons offered below, this case must be remanded to West Virginia state court. The Court first considers Plaintiffs' motion to stay consideration of Defendants' motion to dismiss; second, Plaintiffs' motion to remand based on lack of subject matter jurisdiction; third, Defendants' motion to dismiss based on lack of personal jurisdiction; and finally, Plaintiffs' consolidation motion.

A. *Motion to Stay Consideration of Defendants' Motion to Dismiss*

Plaintiffs ask for a stay, but their motion is moot. Essentially, Plaintiffs argue the Court should consider Plaintiffs' motion to remand for lack of subject matter jurisdiction before considering Defendants' motion to dismiss for lack of personal jurisdiction. Defendants vigorously oppose this, and ask the Court to first consider their motion to dismiss. Because both motions are fully ripe, there is no need to stay consideration and the Court will resolve both motions in this

---

not it is proper under Federal Rule of Civil Procedure 20 to join Plaintiffs' claims.

single Memorandum Opinion and Order. Therefore, the Court DENIES Plaintiffs' motion to stay consideration of Defendant's motion to dismiss.

The sequence for considering and deciding multiple jurisdictional challenges presented at the same time is a matter left to the discretion of district courts. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'") (quoting and citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S., 574, 585 (1999)). When faced with both a constitutional question and a statutory question, and where resolution of the statutory question may moot the constitutional question, courts should first consider the statutory question, and then, if necessary decide the constitutional question. *See United States v. Sec. Indus. Bank*, 459 U.S. 70, 78 (1982) ("We consider the statutory question because of the cardinal principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided.") (internal quotations and citation omitted). Defendants' personal jurisdiction challenge involves a constitutional question, *see* Defs.' Resp. to Mot. to Stay at 5 ("Defendants' personal jurisdiction arguments are premised on . . . constitutional law"), while Plaintiffs' subject matter jurisdiction inquiry involves only interpreting Federal Rule of Civil Procedure 20's standard for misjoinder and fraudulent joinder, *see* Defs.' Resp. at 8–19 (arguing misjoinder and fraudulent joinder under Federal Rule 20(a)); Pls.' Memo in Supp. of Mot to Remand at 7. Under the cardinal principle requiring resolution of statutory issues before avoidable constitutional issues, the Court will first consider Plaintiffs' motion to remand for lack of subject matter jurisdiction, then Defendants' motion to dismiss for lack of personal jurisdiction.

    B. *Motion to Remand Based on Lack of Subject Matter Jurisdiction*

Plaintiffs argue Defendants improperly removed this case to federal court. *See, e.g.*, Mot. to Remand at 2. In their removal notice, Defendants allege removal under 28 U.S.C. § 1441 is proper because the Court has diversity jurisdiction over this action. Notice of Removal 2, ECF No. 1. Plaintiffs contend that complete diversity is not met in this case because two plaintiffs are citizens of the same state as Defendants, and therefore, according to Plaintiffs, diversity jurisdiction is destroyed. Defendants, who admit they are citizens of New Jersey, respond by arguing that the two New Jersey Plaintiffs are improperly joined and, in the alternative, fraudulently joined.[3] And in either event, Defendants argue the New Jersey Plaintiffs should be dismissed from this case, which would imbue the Court with diversity jurisdiction over this action. Because the Court finds the New Jersey Plaintiffs are properly joined under Federal Rule of Civil Procedure 20(a), and because the New Jersey Plaintiffs are not fraudulently joined, the Court finds complete diversity lacking, diversity jurisdiction over this action is destroyed, and the case must be remanded to West Virginia state court for lack of federal subject matter jurisdiction.

The party seeking removal bears the burden of demonstrating federal subject matter jurisdiction. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003) (citation omitted)). This burden is significant, because removal jurisdiction must be strictly construed against removal. *See, e.g., Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.") (citation omitted); *Baisden v. Bayer Corp.*, 275 F.Supp.2d 759, 761 (S.D.W. Va. 2003).

---

[3] It is undisputed that Plaintiffs J.V. and Diane Vaspory are citizens of New Jersey, the same state where Defendants are citizens. Notice of Removal ¶ 4, ECF No. 1; Compl. ¶¶ 40, 52–54.

Under 28 U.S.C. § 1332, federal diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000. The complete diversity requirement does not flow directly from the statutory language, but is instead a long-standing, judge-made rule strictly construing the diversity statute. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Thus in an action based on diversity jurisdiction, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Allapattah*, 545 U.S. at 553.

1. **Misjoinder under Federal Rule 20(a)(1)**

The Defendants have not met their burden of showing the New Jersey Plaintiffs' claims are improperly joined in one action with the claims of the remaining Plaintiffs. Under Federal Rule 20(a)(1), joinder of claims is appropriate when (A) the claims arise out of the same transaction, series of transactions, or occurrences, and (B) the claims share some question of law or fact in common. Fed. R. Civ. P. 20(a)(1). Misjoinder is present, and severance appropriate, when the claims asserted by or against joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W. Va. 1993) (citations omitted).

Applying Rule 20(a)(1)(A), the claims of the New Jersey Plaintiffs arise out of the same transaction, series of transactions, or occurrences as the claims of the remaining plaintiffs. In determining whether claims arise from the same transaction or occurrence, the focus is on the relationship between events giving rise to the action. *See Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) ("Transaction is a word of flexible meaning. It may comprehend many occurrences, depending not so much upon the immediateness of their connection as upon their

Case 3:15-cv-09304   Document 25   Filed 03/31/16   Page 7 of 12 PageID #: 769

logical relationship."). "Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974). The Supreme Court of the United States has said that Rule 20(a) must be interpreted to allow for the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The rule must be construed "in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (citations omitted). Absolute identity of all events giving rise to the claims is unnecessary. *Id.*

      Here, the events giving rise to Plaintiffs' claims are logically related because each claim is based on the same allegedly defective pharmaceutical design, negligent development and production, fraudulent marketing, deceptive sales practices, breach of warranties, and distribution without adequate labeling of known risks and without warning about the drugs' inherent dangers. Compl. ¶¶ 51, 85, 86, 88, 89–93, 104–119. The differences Defendants point out among Plaintiff Mothers—differing medical histories, unique prescription regimens, varying individual conversations with Defendants, differing dosages taken, ingesting Lexapro as opposed to Celexa or vice versa (both drugs are the subject of this action)—do not defeat the logical relation between these claims. The same is true for the immaterial differences among Plaintiff Minors' claims; differing birth dates, individualized prenatal care regimens, unique environmental risk factors, and personal genetic risk factors do not destroy the logical relation shared among Plaintiff Minors' claims. The differing factual circumstances among Plaintiff Mothers' claims, and those among Plaintiff Minors' claims, may require resolving different issues at trial, but these differences do

not create logically distinct transactions or occurrences for purposes of Rule 20(a)(1)(A); all Plaintiffs allege generally the same causes of action against Defendants. Although there may be some differences in the circumstances giving rise to Plaintiffs' claims, that does not defeat the logical relation among these claims which makes them the same transaction or occurrence.

Rule 20(a)(1)(B)'s requirement—that Plaintiffs state a common question of law or fact—is also met. The facts alleged in support of each Plaintiffs' claims are nearly identical. Each Plaintiff Mother was prescribed, purchased, and ingested the same two birth defect-causing drugs; and each Plaintiff Minor suffered a birth defect as a result. Compl. ¶ 50. Defendants' knowledge of adverse risks associated with its two pharmaceuticals will not change from claim to claim. *Id.* ¶ 47–50. The products ingested are identical in design, manufacture, and labeling. *Id.* ¶ 51. Defendants' actionable conduct in designing, manufacturing, labeling, and marketing is all nearly identical. *Id.* The defective nature of the two pharmaceuticals will be proven by the same national, peer-reviewed standards applicable to each claim. *Id.* The warning labels are necessarily identical, on account of federal regulations requiring such. *Id.* The issues for each Plaintiff's claim related to Defendants' testing, manufacturing, research, development, adverse event reporting, refusal to change their identical warning labels, marketing misrepresentations, and post-marketing studies are all either identical or almost identical. *Id.* ¶ 47–48. As such, the Court finds the New Jersey Plaintiffs' claims share a question of law or fact in common with the remaining Plaintiffs' claims. Therefore, the New Jersey Plaintiffs are properly joined under Federal Rule 20(a)(1) to this action.

As a final matter, the Court finds its *Grennell* decision distinguishable from this case, and instead, it relies on its *Pfizer* decision, which is directly on point. In *Grennell* this Court held plaintiffs were fraudulently joined to an action over allegedly fraudulent sales practices because

both prongs of Federal Rule 20(a)(1) were unmet.[4] *Grennell v. Western Southern Life Ins. Co.*, 298 F.Supp.2d 390, 399 (S.D.W. Va. 2004). Federal Rule 20(a)(1)(A)'s transaction or occurrence requirement was unmet because plaintiffs alleged defendants committed a fraud over the course of 1,800 separate insurance policy sales transactions where each purchase was induced by a different misrepresentation. *Id.* at 397–98. The Court noted that had plaintiffs relied upon the same misrepresentations, the transaction or occurrence requirement would have been met. *Id.* at 398. In this case, Plaintiffs allege they were induced to purchase one of two allegedly defective pharmaceuticals by way of the same misrepresentations made by Defendants. Compl. ¶¶ 51, 89–91. Thus, *Grennell's* conclusion regarding 20(a)(1)(A)'s transaction or occurrence requirement is not applicable to this case on that ground alone.

Additionally, *Grennell's* conclusion regarding 20(a)(1)(B)'s common question requirement is also inapplicable. In *Grennell*, the common question requirement was unsatisfied because although plaintiffs alleged claims arising under the same area of law—misrepresentation—the facts that formed the bases for these claims were unique to each plaintiff. *Grennell*, 289 F.Supp.2d at 399. "In the absence of allegations that [p]laintiffs were misled by the same misrepresentation, joinder of [p]laintiffs' fraud claims is not permitted under [Rule 20(a)'s common question requirement]." *Id.* In *Grennell,* the only connection between plaintiffs was that they were victims of the defendant's separate acts of fraud. *Id.* By contrast, Plaintiffs in this case allege many common questions of law and fact, including: whether or not the two pharmaceuticals prescribed to Plaintiffs were defective; whether or not the defective product design gives rise to strict liability, negligence liability, or no liability; and whether or not identical misrepresentations

---

[4] The Court notes that its application of the fraudulent joinder doctrine in *Grennell* was identical to misjoinder analysis, and in this Memorandum Opinion and Order, the Court has applied the two analyses in a manner distinct from one another.

that induced Plaintiff mothers to ingest the allegedly defective pharmaceuticals were fraudulent. And there a host of other factual and legal questions shared by Plaintiffs, but reciting these is unnecessary because Rule 20(a)(1)(B) requires only one common question of law or fact.

In the end, Plaintiffs' claims are more alike than they are unalike, making Plaintiffs' claims in this case more akin to the claims joined in *Pfizer*. *See Pfizer, Inc.*, 2012 WL 4442518, at *3 (finding 20(a)(1)(A)'s transaction or occurrence requirement met where plaintiffs' claims arose out of the same design, mass production, and distribution, without adequate labeling and warnings, of an allegedly defective pharmaceutical); *id* at 6 (finding 20(a)(1)(B)'s common question requirement met where plaintiffs shared questions of fact regarding product design, defendants' knowledge, and defendants' representations).

Having found Rule 20(a)(1)'s joinder requirement met with regard to the New Jersey Plaintiffs' claims, and looking to *Pfizer*, the Court concludes Defendants have not met their burden of showing misjoinder of the New Jersey Plaintiffs to this action.

### 2. Fraudulent Joinder Doctrine

The New Jersey Plaintiffs are not fraudulently joined to this action. The "fraudulent joinder" doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In *Grennell*, this Court held the fraudulent joinder doctrine applies to plaintiffs as well as defendants. *Grennell*, 298 F.Supp.2d at 396. In such case, a defendant seeking to dismiss a nondiverse plaintiff must prove that the nondiverse plaintiff cannot establish a claim against the defendant, "even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir. 1993). The defendant must show that no

possibility of a right to relief has been asserted. *Id.* at 233. The Fourth Circuit has held that "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992) ("[W]hile we will not apply a Rule 12(b)(6) standard in examining [the plaintiff's claims], we will examine the complaint and the district court's opinion to determine whether they could support a conclusion that the claims . . . were not even colorable, i.e., were wholly insubstantial and frivolous.").

In this case, Defendants do not contend the New Jersey Plaintiffs' claims fail on the merits; instead, they maintain the New Jersey Plaintiffs' claims, and claims of other Plaintiffs who are not citizens of West Virginia, must fail on jurisdictional grounds because courts in West Virginia do not have personal jurisdiction over the Defendants with regard to claims brought by "out-of-state" Plaintiffs. Def.'s Resp. at 9. The Court finds Defendants' fraudulent joinder based on lack of personal jurisdiction argument without merit. The Court is unable to locate a single case where the fraudulent joinder doctrine has been applied to sever plaintiffs because the forum court might not have personal jurisdiction over the defendants. The fraudulent joinder doctrine, as developed so far, considers the merits of claims, not jurisdictional issues. Moreover, in this case the issue of personal jurisdiction may require jurisdictional discovery concerning Defendants' marketing and distribution activities in West Virginia, making the jurisdiction issue inappropriate to resolve in the context of a fraudulent joinder analysis and more appropriate for the state court to decide on remand. Construing all facts in favor of the New Jersey Plaintiffs, the New Jersey Plaintiffs have possible claims against Defendants in this action, making the fraudulent joinder doctrine inapplicable to this action.

In sum, the Court finds this case lacks complete diversity. Plaintiffs J.V. and Diane Vaspory are citizens of New Jersey, the same state as Defendants. Furthermore, the New Jersey Plaintiffs are properly joined to this action under Federal Rule of Civil Procedure 20, and they are not fraudulently joined here. Therefore, the Court finds complete diversity lacking; diversity jurisdiction over this action is destroyed; and the case must be remanded back to West Virginia state court for lack of federal subject matter jurisdiction. For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand these actions back to West Virginia state court.

C. *Motion to Dismiss Based on Lack of Personal Jurisdiction*

Because these cases must be remanded to West Virginia state court, the Court **DENIES** Defendants' motion to dismiss based on lack of personal jurisdiction.

D. *Consolidation of Plaintiffs' Actions Against Defendants into a Single Case*

Because these cases must be remanded to West Virginia state court, the Court **DENIES** as moot Plaintiffs' motion to consolidate these actions into one case.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to stay consideration of Defendants' motion to dismiss, **GRANTS** Plaintiffs' motion to remand, **DENIES** Defendants' motion to dismiss, and **DENIES** as moot Plaintiffs' motion to consolidate.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: Thursday, March 31, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE